𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔅𝔞𝔫𝔨𝔯𝔲𝔭𝔱𝔠𝔶 ℭ𝔬𝔲𝔯𝔱
𝔣𝔬𝔯 𝔱𝔥𝔢
𝔖𝔬𝔲𝔱𝔥𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔊𝔢𝔬𝔯𝔤𝔦𝔞
𝔖𝔞𝔳𝔞𝔫𝔫𝔞𝔥 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cmurray at 10:43 am, Sep 18, 2013

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 13 Case |
| JOHN N. SMITH | ) | |
| JODANYA L. SMITH | ) | Number 12-40969 |
| | ) | |
| *Debtors* | ) | |
| | ) | |
| O. BYRON MEREDITH, III | ) | |
| Chapter 13 Trustee | ) | |
| | ) | |
| *Movant* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CAMDEN WATER AND SEWER | ) | |
| | ) | |
| *Respondent* | ) | |

### OPINION AND ORDER
### STRIKING RESPONSE TO OBJECTION TO CLAIM

The Debtors' case was filed on May 21, 2012, and on August 23, 2012, the City of Camden, New Jersey, filed a claim in the case for unpaid water and sewer charges, asserting that the claim was entitled to secured status. Claim No. 12. On January 24, 2013, the Chapter 13 Trustee filed an objection to the claim asserting that it was not entitled to secured status and should be reclassified as an unsecured claim. Dckt. No. 37. The pleadings triggered two matters for consideration by the Court. The first was a determination of the objection itself. The second related to the fact that the claim was filed through

%AO 72A
(Rev. 8/82)

conventional means and not in compliance with this Court's mandatory electronic case filing procedures. That failure to comply resulted in a Notice of Non-Compliance with Mandatory Electronic Filing issued by the Clerk to Michelle Banks-Spearman, Assistant City Attorney for the City of Camden ("Counsel"), filed on August 24, 2012. Dckt. No. 30. This notice also included the following statement in bold, underlined text: "Attorneys not admitted to practice in the Southern District of Georgia must first comply with pro hac vice admission requirements prior to seeking permission to file documents conventionally." *Id.*

On February 25, 2013, Counsel filed a letter brief supporting her contention that the claim was entitled to secured status but made no effort to comply with the mandatory electronic case filing nor to obtain permission to practice *pro hac vice*. Dckt. No. 39. Again, the Clerk issued a Notice of Non-Compliance with Mandatory Electronic Filing to Counsel. Dckt. No. 40. The Clerk also issued a Notice for Pro Hac Vice Compliance, informing Counsel that she was not authorities to practice in this Court and was obligated under the Court's local rule to obtain permission to proceed *pro hac vice*. Dckt. No. 41. The matter was set for a hearing on both issues which was conducted on April 29, 2013. There was no appearance by Counsel, and the Court entered the Order sustaining the Trustee's objection, reclassifying Claim number 12 to general unsecured status. Dckt. No. 47.

Upon further review of Counsel's actions disregarding the Court's procedural rules and notices of non-compliance, I now address what actions if any should be taken against Counsel and/or the City of Camden.

Attorneys are responsible for knowing and following the local rules for the courts in which they practice. The local rules and procedures for the U.S. Bankruptcy Court for the Southern District of Georgia are easily found on the Court's homepage under the tabs "Local Rules" and "General Orders." U.S. BANKRUPTCY COURT SOUTHERN DISTRICT OF GEORGIA, http://www.gasb.uscourts.gov/usbc.asp. (last visited Aug. 29, 2013). Moreover, the Clerk promptly notified Counsel in writing of her non-compliance with the electronic filing requirement. This notice gave Counsel fourteen days to cure the non-compliance and also clearly stated the requirement to comply with the Court's *pro hac vice* admission. Despite this actual knowledge of non-compliance, Counsel again filed a *hard copy* brief with the court without first applying for *pro hac vice* status. Counsel's repetitive, defiant actions regarding the Court's rules and procedures after being given an adequate warning and time to cure lead me to the conclusion that some form of a deterrent sanction is needed.

11 U.S.C. § 105(a) states in relevant part, "No provision of this title . . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Moreover, the Eleventh Circuit held in In re Parker, 485 Fed.Appx. 989, 991 (11th Cir. 2012), that "[t]he bankruptcy judge [has] authority to impose sanctions on [the attorney] for violations of the court's procedural rules . . . ." While

AO 72A
(Rev. 8/82)

3

Counsel's actions do not rise to a level considered by Bankruptcy Sanctions Rule 9011[1], they are clearly a violation of the Court's procedural rules and therefore are sanctionable through the Court's inherent power under § 105(a).

I initially considered disallowing the City of Camden's claim completely as an equitable sanction for Counsel's repeated violations of the Court's procedural rules. However, upon further reflection it is clear that these violations are procedural in nature, falling squarely within the realm of Counsel's responsibility. It would not be fair and just to punish the City of Camden for Counsel's actions.

## ORDER

Pursuant to the foregoing, it is the ORDER of this Court that Counsel is hereby admonished for her actions and ordered to comply with all of the Court's procedural rules in any future actions. She is further directed to address a letter to the undersigned acknowledging the terms of this order and offering an explanation for her conduct. For that

---

[1] Fed.R.Bankr.Proc. 9011(b) states in relevant part:

> By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney . . . is certifying that . . .
>
> (1) it is not being presented for any improper purpose . . . ;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law . . . ;
>
> (3) the allegations and other factual contentions have evidentiary support . . . ; and
>
> (4) the denials of factual contentions are warranted on the evidence . . .

communication Counsel is free to communicate via standard United States mail.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This __16th__ day of September, 2013.